JOSEPH DOWNS vs. DANIEL FULLER.

When a judgment, recovered contrary to law, is prejudicial to a third party, he may avoid it by plea and proof.

Where a party recovered judgment, contrary to the Rev. Sts. c. 92, § 3, against a defendant who was out of the Commonwealth and had no notice of the suit, and levied execution on such defendant's right to redeem real estate which had been set off on execution to another creditor, and then filed a bill in equity against such other creditor to redeem the estate from him ; it was held that the bill could not be maintained.

BILL in equity, filed on the 28th of April last, for the redemption of several parcels of land in Canton and Sharon, upon which the defendant, on the 2d of May, 1839, levied an execution sued out on a judgment, recovered by him, against Adam Fuller, at the April term 1839 of the court of common pleas in this county.

The question whether the plaintiff was entitled to redeem, and if so entitled, to what extent, was submitted to the court on the following facts agreed : The execution above mentioned was duly levied by the defendant on the undivided half, which said Adam Fuller owned as tenant in common with the defendant, of the parcels of land described in the plaintiff's bill ; and the defendant would have had, by virtue of his levy, an indefeasible title to said undivided half, on the 2d of May, 1840, if the plaintiff had not instituted proceedings to redeem the same, as hereinafter set forth.

On the 11th of June, 1839, the plaintiff sued out a writ against said Adam Fuller on two promissory notes held by him against said Adam, and attached the right of redemption on the defendant's execution ; and the officer, who made said attachment, left a summons, as appears by his return, at the dwellinghouse of said Adam Fuller, in Canton, where his wife and children then resided and still reside, and where said Adam had, for several years, resided with them, until about the last of July, 1838, when he absconded and went to parts unknown. The plaintiff took judgment in said suit, at the first term, without the usual order of notice in cases where the defendant is out of the Common-

wealth, and the defendant insists, by his answer, that the judgment is therefore void, and that for this reason the plaintiff has no right to redeem.

The plaintiff's said judment was for $ 115·18 debt, and $ 10·11 costs. The first execution thereon issued September 23d, 1839, but was not levied ; and the said attachment was dissolved. An alias execution was taken out by the plaintiff, March 20th, 1840, and the next day the right of redemption was taken thereon, and on said execution such proceedings were had, conformably to the provisions of law, that on the 21st of April, 1840, the right of redeeming all the real estate, so levied on by the defendant, was duly sold to the plaintiff, at public auction, he being the highest bidder therefor, for the sum of $ 146·26 ; and the officer, who sold the same, delivered to the plaintiff, on said 21st April, a deed of the right of redemption, in the usual form, and the plaintiff claims thereupon the right to redeem.

On the 23d of April, 1840, the plaintiff tendered to the defendant a quitclaim deed, from the defendant to the plaintiff, of the premises so levied on by the defendant, and at the same time tendered to the defendant $287·00 and requested him to take the money, execute said deed, and deliver it to the plaintiff. The defendant then refused to accept the money or to execute and deliver said deed, and has hitherto refused so to do.

The defendant sued out a writ against said Adam Fuller, on the 9th of March, 1840, for the sum of about $ 27·00, and caused an attachment of the interest of said Adam in said land, so levied on by the defendant, to be made on the same day, and the action was duly entered at the ensuing April term, 1840, of the court of common pleas, and continued, with the usual order of notice, to the September term, and now stands defaulted and continued for judgment to the next December term.

At the time of said sale of the equity, the plaintiff had notice in writing of an existing attachment by the defendant, but had no notice of the date or amount thereof.

The defendant, on the 27th of April last, caused said right of redemption to be again attached in a second action, brought by

him against said Adam Fuller and entered at the last September term of the court of common pleas in this county, and which was continued to the ensuing December term, with an order of notice to said Adam as out of the Commonwealth.

The plaintiff brought into court $ 287·00 for the defendant to take, or so much thereof as the court should determine to be· long to him.

The plaintiff claimed a right to redeem, according to the prayer of his bill, under the Rev. Sts. *c.* 73, § 48, by which it is provided that " all rights of redeeming any real estate, which has been taken and set off on execution, may be taken and sold on another execution, in like manner as the right of redeeming mortgaged real estate may be taken and sold ; and the debtor and *those claiming under him* may redeem the right sold under such second execution, as if it had been a right of redeeming a mortgaged real estate."

On the point upon which alone 'he court gave an opinion,

*E. Ames,* for the plaintiff, argued that the plaintiff's judgment against Adam Fuller, though recovered without the notice pre scribed by Rev. Sts. *c.* 90, § 48, and *c.* 92, § 3, is valid until reversed by the judgment debtor. *Smith* v. *Rice,* 11 Mass 512. *Philips* v. *Biron,* 1 Stra. 509. Bigelow's Dig. 460. *Cook* v. *Darling,* 18 Pick. 393. *Hawes* v. *Hathaway,* 14 Mass. 233. *Rex* v. *New College,* 2 Lev. 16.

*Churchill, Jr.* for the defendant. The plaintiff's judgment was erroneous as to Adam Fuller, being recovered without legal notice to him. *Blanchard* v. *Wild,* 1 Mass. 342. Rev. Sts. *c.* 90, § 48. It was also fraudulent and void as against the pres ent defendant ; and as he cannot reverse it, he may avoid it by showing it to be invalid. 5 Dane Ab. 225. 3 Cranch, 307. 6 Watts, 401, 402. *Borden* v. *Fitch,* 15 Johns. 121. *Cavan* v. *Stewart,* 1 Stark. R. 525. *Buchanan* v. *Rucker,* 9 East, 192. *Burrill* v. *West,* 2 N. Hamp. 190.

WILDE, J. In this case, the plaintiff claims a right in equity to redeem certain real estate which has been taken and set off on execution by the defendant. The right claimed was taken

on a second execution in favor of the plaintiff, and sold to him in pursuance of the Rev. Sts. *c.* 73, § 48.

The case depends upon the validity of this sale. The objection to its validity is, that the judgment, on which the plaintiff's execution issued, was void ; as when his original writ was served, the defendant in that suit was not residing within the Commonwealth, and had no notice of the action ; and that the plaintiff nevertheless took judgment against him at the first term, in contravention of the Rev. Sts. *c.* 92, § 3.

That a void judgment may be impeached by plea and proof, is very clear ; but the plaintiff's counsel contends that the judgment in his favor is not void, but is voidable only, and is valid until reversed by writ of error. It is generally true, no doubt, that an erroneous judgment is to be avoided only by a writ of error ; but this rule of law does not apply to cases where a party has a right to impeach a judgment, and yet has no right to reverse it by a writ of error. If, for instance, a judgment be obtained by fraud and covin between the parties, with the intent to defeat the title of a third party, the latter may plead the matter in avoidance of the judgment. *Fermor's case,* 3 Co. 77. *Veale* v. *Gatesdon,* W. Jon. 91. So if a debtor suffers judgment to be recovered against him by collusion, for the purpose of having his property taken in execution, with the intention to delay or defraud his creditors, a creditor may avoid the judgment and execution by proof of the collusion between the parties to the judgment, although the judgment is voidable only, it being valid and binding between the parties. *Pierce* v. *Jackson,* 6 Mass. 244. And this was unquestionably the law, as well before as after the statute of 13 Eliz. *c.* 5. *Cadogan* v. *Kennett,* Cowp. 434.

Although the judgment in favor of the plaintiff, in the present case, was not recovered by collusion with his debtor, or with any fraudulent intention, yet we think the defendant has a right to avoid it in the same manner ; because he is neither party nor privy to the plaintiff's judgment, and is not entitled by the rules of law to reverse it by a writ of error. This was so decided in

*Warter* v. *Perry*, Cro. Eliz. 199, and in *Randal's case*, 2 Mod 308 ; and the same principle is laid down in Com. Dig. Error, D ; and in 5 Dane Ab. 225. This rule of law does no appear, in any case, to have been controverted, and it seems reasonable and just, that where a judgment is recovered contrary to law, and prejudicial to a third party, he should have a right to avoid it.

*Bill dismissed*